**William B. BOISE, Plaintiff–Appellant,**

v.

**Jo Ivey BOUFFORD, L. Jay Oliva, Defendants,**

New York University, Defendant–Appellee.

No. 03–9239.

United States Court of Appeals, Second Circuit.

Jan. 28, 2005.

William B. Boise, New York, New York, for Appellant, pro se.

Ada Meloy (S. Andrew Schaffer, on the brief), New York, New York, for Appellee.

PRESENT: RAGGI, WESLEY, Circuit Judges, and DRONEY, District Judge.[1]

SUMMARY ORDER

Plaintiff-appellant William B. Boise, who sues New York University ("NYU") for alleged violations of the Age Discrimina-

---

1. The Honorable Christopher F. Droney, of the United States District Court for the District of Connecticut, sitting by designation.

tion in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634, appeals from an award of summary judgment in favor of NYU. *See Boise v. N.Y. Univ.*, No. 00 Civ. 7844, 2003 WL 22390792, at *1 (S.D.N.Y. Oct.21, 2003). We review an award of summary judgment de novo, and we will affirm only if the record, viewed in the light most favorable to the non-moving party, reveals "no genuine issue as to any material fact" but supports a conclusion that "the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir.2003). We assume the parties' knowledge of the facts and the record of proceedings, which we reference only as necessary to explain our disposition.

### 1. *Timeliness*

To sue under the ADEA, a plaintiff must file a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the conduct at issue. *See* 29 U.S.C. § 626(d)(2); *Flaherty v. Metromail Corp.*, 235 F.3d 133, 136 n. 1 (2d Cir.2000). Because Boise's EEOC charge was filed on April 18, 2000, his allegations of discriminatory conduct before June 23, 1999, are untimely, and the district court correctly granted judgment in favor of NYU on such claims.

### 2. *Punitive Damages*

■ To the extent Boise sues NYU to recover punitive damages, this court has ruled that such relief is not available under the ADEA. *See Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146–48 (2d Cir.1984). Accordingly, the district court correctly granted judgment in favor of NYU on this aspect of Boise's complaint.

### 3. *Prima Facie Showing of Discrimination*

Motions for summary judgment on ADEA claims are generally reviewed pur-

suant to the three-step burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Abrahamson v. Bd. of Educ. of Wappingers Falls Cent. Sch. Dist.*, 374 F.3d 66, 71 (2d Cir.2004); *Terry v. Ashcroft*, 336 F.3d at 138. At the first step, a plaintiff must demonstrate a prima facie case of discrimination by showing (1) that he is a member of the class protected by the act, (2) that he was qualified for the position at issue, (3) that he suffered some adverse employment action, and (4) that the circumstances surrounding the action give rise to an inference of age discrimination. *See Terry v. Ashcroft*, 336 F.3d at 137–38 (and cases cited therein). Although a plaintiff's burden at this step is "de minimis," *Abdu–Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 467 (2d Cir.2001), the district court correctly concluded that Boise failed to satisfy either the third or fourth requirement.

■ An adverse employment action is "a materially adverse change in the terms and conditions of employment." *Sanders v. N.Y. City Human Res. Admin.*, 361 F.3d 749, 755 (2d Cir.2004) (internal quotation marks omitted). Such material changes include " 'termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices ... unique to a particular situation.' " *Id.* (quoting *Terry v. Ashcroft*, 336 F.3d at 138 (quoting *Galabya v. N.Y. City Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir.2000) (quoting *Crady v. Liberty Nat'l Bank & Trust Co. of Ind.*, 993 F.2d 132, 136 (7th Cir.1993)))). Like the district court, we conclude that the assignment to Boise of four courses rather than five, when the average course load for tenured NYU professors was less than four and when Boise does not allege any resulting loss in wages, does not constitute the ad-

verse employment action necessary to establish a prima facie case. *See Mormol v. Costco Wholesale Corp.*, 364 F.3d 54, 58 (2d Cir.2004) (holding that temporary reduction in hours without reduction in pay did not constitute adverse employment action).

■ Nor can Boise satisfy the adverse-employment-action requirement by demonstrating a hostile work environment. To support such a claim, a plaintiff must show, inter alia, that his workplace was so "permeated with discriminatory intimidation, ridicule, and insult [as] to alter the conditions of [his] employment." *Petrosino v. Bell Atlantic*, 385 F.3d 210, 223 (2d Cir.2004) (discussing Title VII hostile work environment claim); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir.2000) (observing that ADEA claims are properly analyzed under the same framework as Title VII claims). Boise's complaints that his supervisor failed to praise his work and that certain colleagues treated him rudely are inadequate to demonstrate such an "objectively hostile or abusive work environment." *Petrosino v. Bell Atlantic*, 385 F.3d at 221.

Even if Boise could show that he suffered a specific adverse employment action or one resulting from a hostile work environment, to satisfy the fourth requirement of a prima facie case, he would have to adduce some evidence supporting an inference that the conduct was "based on [his] age." *Brennan v. Metro. Opera Ass'n, Inc.*, 192 F.3d 310, 318 (2d Cir.1999). Even the most liberal reading of the record fails to reveal any evidence to support such an inference. Accordingly, we conclude that the district court correctly entered judgment in favor of NYU on Boise's claim of age discrimination.

4. *Retaliation*

The same *McDonnell Douglas* analysis applicable to ADEA discrimination claims applies to ADEA retaliation claims. *Jetter v. Knothe Corp.*, 324 F.3d 73, 75 (2d Cir. 2003) (per curiam). To establish a prima facie case of retaliation, a plaintiff must show (1) participation in a protected activity known to the defendant, (2) an adverse employment action, and (3) a causal connection between the protected activity and the adverse action. *See Terry v. Ashcroft*, 336 F.3d at 141. As we have already noted, the course assignments and interactions with co-workers about which Boise complains do not qualify as adverse employment actions under the law. Thus, we conclude that the district court correctly entered judgment in favor of NYU on Boise's retaliation claim.

Because Boise's ADEA claim is deficient in the various ways noted, the district court's October 31, 2003 judgment in favor of NYU is hereby AFFIRMED.